587 A.2d 897

**Edward PATTERSON, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 2, 1990.

Decided March 1, 1991.

8. 323 Pa.Code § 409.

Milton E. Raiford, Pittsburgh, for appellant.

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Edward Patterson (Patterson) appeals from an order of the Court of Common Pleas of Allegheny County which upheld the one year suspension of his motor vehicle operating privileges by the Department of Transportation (Department) pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, as a result of his refusal to submit to a breathalyzer test following his arrest for driving under the influence. That court quashed the appeal as being untimely and also dismissed the appeal on the merits.

The relevant facts are as follows. On November 25, 1988, Officer Ragland of the City of Pittsburgh police department was dispatched to investigate information from one Kelly Howard that a motorist had followed her at a slow rate of speed as she was walking on Centre Avenue. In the 1800 block of Centre Avenue, the motorist pulled up

alongside her, parked and exited his vehicle and began to follow her on foot. Ms. Howard returned to her home and called the police. When Officer Ragland arrived, Ms. Howard informed him that the vehicle in question was parked in the 1800 block of Centre Avenue and both went there immediately. As Officer Ragland was talking to Ms. Howard in that block, Patterson "came out of the weeds" and Ms. Howard identified him as the driver of the vehicle that followed her. Officer Ragland noticed a very strong odor of alcohol about Patterson and placed him under arrest for driving under the influence.

Patterson was transported to a police station and was requested to take a breathalyzer test. He twice refused to take the test despite being informed by the breathalyzer operator of the consequences of such a refusal.

On February 16, 1989, the Department mailed to Patterson a notice advising him of the one year suspension of his operating privileges for failure to submit to chemical testing. This notice was returned to the Department and Patterson testified that he never received it. Subsequently, a notice of an "add-on" suspension that had been imposed on Patterson pursuant to Section 1544(a) of the Vehicle Code, 75 Pa.C.S. 1544(a),[1] was mailed on April 20, 1989. Upon receiving this notice, Patterson called the Department in Harrisburg and learned for the first time of the February 16th notice of suspension. Patterson testified that a Department employee told him that another notice would be sent out and that he could appeal the suspension when he received that notice. This second notice of the one year suspension was mailed to Patterson on May 2, 1989. On May 19, 1989, Patterson appealed the Department's action. A de novo hearing was held before the Court of Common Pleas of Allegheny County on June 13, 1989 during which hearing, the Department moved to quash the appeal as

1. Section 1544(a) provides: When any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point and the person shall be so notified in writing.

untimely. At the conclusion of the hearing, the court stated the following:

> The Court finds as fact that the Commonwealth did send out a notice on February 16th, 1989. It is clear also that on May 2nd of 1989 they sent out an additional notice which is a replication of the first notice with two changes....

> The legal question concerning the motion to quash is whether or not the Defendant is precluded from filing an appeal in light of his testimony that he never received it, in light of the inference that the Court can draw that that notice was returned. The reason why it was returned, however, is not contained in the record. I am not ruling on that as yet.

The court held that under existing case law the motion to quash must be granted. The court also dismissed the appeal on the merits. This appeal followed.

Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b)–5572, provide that appeals from a government unit to a court must be commenced within thirty days after entry of the order and that the date of mailing, if service is made by mail, shall be deemed to be the date of entry of the order. *Department of Transportation, Bureau of Driver Licensing v. Gross,* 115 Pa.Commonwealth Ct. 384, 540 A.2d 343 (1988). Absent circumstances justifying nunc pro tunc relief, a trial court is without jurisdiction to hear an appeal not filed within this time period. *Department of Transportation, Bureau of Driver Licensing v. Karff,* 108 Pa.Commonwealth Ct. 143, 529 A.2d 76 (1987), *petition for allowance of appeal denied,* 518 Pa. 643, 542 A.2d 1372 (1988). Such circumstances that would support a nunc pro tunc appeal arise where there has been fraud or a breakdown in the tribunal's operation through a default of its officers. *Altieri v. Pennsylvania Board of Probation and Parole,* 88 Pa.Commonwealth Ct. 592, 495 A.2d 213 (1985). In the instant case, the Department mailed the notice of suspension to Patterson on February 16, 1989 and his

appeal was filed on May 19, 1990, well beyond the thirty-day period.

Patterson argues that the appeal period should have been extended because he satisfactorily explained the delay in filing. Patterson argues that the unexplained return of the suspension notice and his subsequent reliance on the erroneous information given to him by a Department employee constitutes a breakdown in the administrative operations of the Department which caused him injury and therefore, the appeal period should have been extended.

The Department argues that there is insufficient, competent evidence to support the trial court's finding that the notice of suspension was returned to the Department. The Department cites *Berkowitz v. Mayflower Securities, Inc.,* 455 Pa. 531, 317 A.2d 584 (1974), for the proposition that the sending of notice on February 16, 1989, created a rebuttable presumption that the notice was received. It further contends that Patterson's denial of receipt is not sufficient, in itself, to rebut this presumption.

Additionally, the Department argues that under the rule enunciated in *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976), the statement of the Department employee that the February 16, 1989 notice had been returned is not sufficient to rebut the presumption. The *Walker* rule, which provides that hearsay evidence may support a finding of fact only if it is corroborated by other competent evidence in the record, does not apply to trial courts. Rather, the rule is a product of the administrative agency proceedings. *See L.W.B. v. Sosnowski,* 117 Pa.Commonwealth Ct. 120, 543 A.2d 1241 (1988). The rule applicable in a court proceeding is that where hearsay evidence is admitted without objection, and is relevant and material to the fact in issue, a trial court may give it the value of direct evidence and base findings of fact on it. *Jones v. Spidle,* 446 Pa. 103, 286 A.2d 366 (1971); *Schade v. Milk Control Commission,* 196 Pa.Superior Ct. 14, 173 A.2d 647 (1961). Hence even though Patterson's testimony of what the Department

employee told him was hearsay, because it was admitted without objection, it is legally sufficient to support the trial court's finding that the notice had been returned. We believe that under these circumstances Patterson has demonstrated a breakdown in the Department's operations and that nunc pro tunc relief is appropriate.

Because Patterson sustained his burden of demonstrating extraordinary circumstances justifying nunc pro tunc relief, we hold that the trial court erred in quashing his appeal. Accordingly, we reverse the order of the common pleas court quashing the appeal as being untimely. Normally under such circumstances a remand would be needed for the trial court to consider the merits. Because the trial court additionally decided the case on the merits, however, no remand is required.

On the merits, Patterson first argues that the police officer did not have reasonable grounds to conclude that he was operating a motor vehicle while intoxicated since he was not near the vehicle when he was arrested, nor did he ever admit that he had been operating a vehicle. The test for reasonable grounds is not very demanding. *Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa.Commonwealth Ct. 201, 363 A.2d 870 (1976). If a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared to him at the time, could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor, such reasonable grounds are established. *Keane v. Department of Transportation*, 127 Pa.Commonwealth Ct. 220, 561 A.2d 359 (1989).

In the instant case, Officer Ragland testified that Patterson was identified by Ms. Howard as the motorist who followed her first in his car and then on foot and that this identification occurred approximately seven to ten minutes after the telephone call was received by the police. Officer Ragland also testified that Patterson had a strong odor of alcohol about him. Based on these circumstances, we hold that reasonable grounds existed for the police officer to

believe that Patterson had been operating a motor vehicle while under the influence of alcohol.

■ Patterson also argues that the failure of Ms. Howard to testify at the May 19, 1989 hearing should have been considered by the trial court and that this failure constituted a basis for sustaining his appeal.[2] He further argues that Ms. Howard should have testified because his driving privileges may have been suspended for a one-year period as a result of her statements to Officer Ragland.

An out of court statement is admissible at trial for purposes of proving the state of mind of the police officer hearing the statement or explaining the reason for the conduct of the police officer in response to hearing this statement. *Menosky v. Commonwealth*, 121 Pa.Commonwealth Ct. 464, 550 A.2d 1372 (1988). Ms. Howard's statement was admitted not to prove that Patterson was operating a motor vehicle, but to establish that Officer Ragland had reasonable grounds to believe that Patterson had been driving. Her statement, therefore, was properly admitted for this limited purpose.

We additionally note that Patterson has cited no authority to support his argument that a proponent of an otherwise admissible out of court statement should be required to testify in court if the defendant is subject to a lengthy suspension of driving privileges. We are unwilling to create an exception to the proposition stated in *Menosky* and we, therefore, reject this argument.

Accordingly, we reverse the trial court's order insofar as it quashed the appeal, but affirm that judgment insofar as it dismissed the appeal on the merits.

**2.** The Notes of Testimony of the May 19, 1989 hearing contains the following exchange:
> The Court: Is [Ms. Howard] present today?
> Officer Ragland: No, she is not.
> The Court: Why isn't she here, do you know?
> Officer Ragland: No. She was a reluctant witness in City Court. I haven't been able to find her since then.
> N.T. at 9–10.

300

## ORDER

NOW, March 1, 1991, we reverse the order of the Court of Common Pleas of Allegheny County insofar as it quashed the appeal in the above-captioned matter but affirm insofar as it dismissed the appeal on the merits.