**James M. GASPER, Appellant**

**v.**

**COMMONWEALTH of Pennsylvania, Department OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 1996.

Decided April 18, 1996.

Friedman, J., dissented.

Kelley, J., issued dissenting opinion in which Pellegrini, J., joined.

William T. Tully, for Appellant.

1. Zerbe did not testify at the hearing.

Timothy P. Wile, Assistant Counsel In-Charge, for Appellee.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

FLAHERTY, Judge.

James Gasper (Gasper) appeals from an order of the Court of Common Pleas of Dauphin County, denying his appeal from a one-year suspension of his operating privileges, imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) for his failure to consent to chemical testing in violation of Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).

The issue in this case is whether DOT met its burden of proving that the police had reasonable grounds to believe that Gasper was operating, or was in actual physical control, of the movement of a motor vehicle while under the influence of alcohol.

In a notice dated November 28, 1994, DOT informed Gasper that, commencing January 2, 1995, his operating privileges would be suspended for one year as a result of his refusal to submit to chemical testing on October 9, 1994. In accordance with 75 Pa.C.S. § 1550(a), Gasper filed an appeal from the notice of suspension to the Court of Common Pleas of Dauphin County, which conducted a de novo hearing.

At the hearing, Officer Warner (Warner) of the Derry Township Police Department testified on behalf of DOT. Warner testified that, while on duty on October 9, 1994, at approximately 1 a.m., he heard a radio transmission from a fellow officer, Officer Zerbe (Zerbe).[1] "I heard him make a traffic stop in that he stopped a vehicle. The traffic stop was located at Route 39 by Hershey Park Drive." (N.T. 6.) Warner went to the location, which he described as nonresidential, with only one house about a tenth of a mile away from the scene of the traffic stop. (Id. at 7.) At the scene, Warner observed a pickup truck stopped in front of Zerbe's patrol car on Route 39. Zerbe was at the

driver's door of the vehicle, talking with Gasper, who was sitting in the driver's seat. (*Id.*) Warner later observed Gasper outside his vehicle and noticed that he was swaying back and forth and was having difficulty standing. Warner then watched as Gasper performed some coordination tests which, in his opinion, were performed unsatisfactorily. Warner testified that Gasper was then asked to submit to a pre-breath test. Gasper refused stating that he was drunk. (*Id.* at 9, 10.)

At the conclusion of the testing, Warner testified that Zerbe placed Gasper under arrest for driving under the influence of alcohol and transported him to the police station. Warner proceeded to the police station in his own car. At the station, Warner observed Zerbe inform Gasper about chemical testing and the consequences of a refusal. Gasper refused to submit to a blood test stating, according to Warner, that he wanted to go home and that testing was not necessary because he knew that he was drunk. (*Id.* at 15.)

During cross-examination, Warner conceded that he had no first-hand knowledge of what occurred before his arrival on the scene. (*Id.*) At the conclusion of Warner's testimony, DOT rested and Gasper made a motion for demurrer, claiming that DOT had not proven all of the elements of its case. Specifically, counsel argued that DOT had not proven that Gasper was driving or in actual physical control of a vehicle, while under the influence of alcohol. The trial court denied Gasper's motion and determined that DOT met its burden of proof and denied Gasper's appeal. This appeal followed.

■ In order to establish a prima facie case in support of an operating privilege suspension, DOT must establish that: (1) the motorist was arrested for driving while under the influence of alcohol by a police office who had reasonable grounds to believe that the motorist was operating, or in actual physical control of the movement of a motor vehicle; (2) the motorist was requested to

submit to chemical testing; (3) the motorist refused to do so; and (4) the motorist was informed that refusal to submit to chemical testing would result in suspension of his operating privileges. *Vinansky v. Department of Transportation, Bureau of Driver Licensing,* 665 A.2d 860, 862 (Pa.Cmwlth.1995).

■ The issue in this case is whether DOT met its burden of proving that the police had reasonable grounds to believe that Gasper was operating the vehicle, or in actual physical control of the movement of the vehicle while under the influence of alcohol or a controlled substance.[2]

■ The test applied for determining if reasonable grounds exist is not very demanding. *Wilson v. Commonwealth,* 53 Pa. Cmwlth. 342, 417 A.2d 867 (1980). Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating, or was in actual physical control of the vehicle. *Vinansky.* Whether reasonable grounds exist is a question of law reviewable by this court on a case by case basis. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Malizio,* 152 Pa.Cmwlth. 57, 618 A.2d 1091 (1992). As DOT correctly states, "[t]here is no statutory requirement that the officer who possesses reasonable grounds be the arresting officer." *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Webster,* 104 Pa.Cmwlth. 214, 521 A.2d 519, 521 (1987). Additionally, a police officer's reasonable grounds can be based on information received from a third party. *Patterson v. Commonwealth,* 138 Pa. Cmwlth. 292, 587 A.2d 897 (1991).

■ Because the arresting officer, Zerbe, did not testify in this case, we must determine whether Warner, based on his observations, had reasonable grounds to believe that Gasper operated or was in actual physical control of a motor vehicle.

**2.** Our standard of review is limited to determining whether necessary findings of fact made by the trial court are supported by competent evidence of record, whether the court committed an error of law, or whether the court abused its discretion. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

In *Vinansky* this court determined that reasonable grounds existed to believe that a motorist was in actual physical control of a motor vehicle where the officer observed the vehicle in a parking lot with its engine running and the motorist was found slumped over the steering wheel. The motorist needed assistance out of the vehicle and had an odor of alcohol on his breath. In *Lewis v. Commonwealth,* 114 Pa.Cmwlth. 326, 538 A.2d 655 (1988), an officer had reasonable grounds to conclude that Lewis was in actual physical control of the vehicle where Lewis was found alone seated in the passenger side of a vehicle which had run into a tree. The vehicle was not running and Lewis, who had an odor of alcohol on his breath, denied driving the car. In *Patterson,* a woman called the police stating that a motorist had followed her in his car, then exited his car and followed her on foot as she walked along the street. When the officer arrived, the woman informed him where the motorist's car was parked. As the officer and woman were talking, the motorist appeared from behind some grass and the woman identified him as the person who had followed her. The officer smelled alcohol on the motorist's breath and arrested him. Although the officer did not arrest the motorist near his vehicle or observe him driving, this court found that the officer had a reasonable basis for believing that the motorist was operating a vehicle while under the influence of alcohol.

In this case, Warner testified that he responded to a traffic stop and, upon arriving at the scene, saw a vehicle on Route 39 stopped in front of a patrol car. Warner stated that Gasper was seated behind the wheel of the vehicle. Warner then observed Gasper outside of his vehicle and noticed that he was swaying and had difficulty standing. Warner also testified that he watched Gasper perform field sobriety tests which, in his opinion, were performed unsatisfactorily. He then heard Gasper state that he did not need to take a pre-breath test because he knew he was drunk. Based on these circumstances, we conclude that reasonable grounds existed for Warner to believe that Gasper was in actual physical control of the movement of a motor vehicle while under the influence of alcohol.

Accordingly, the decision of the trial court is affirmed.

FRIEDMAN, J., dissents.

### ORDER

NOW, April 18, 1996, the order of the Court of Common Pleas of Dauphin County, No. 5097 S 1994, dated May 22, 1995, is affirmed.

KELLEY, Judge, Dissenting.

I respectfully dissent. I believe that DOT has failed to satisfy the first prong of its burden of proof in license suspension cases.

As correctly stated by the majority, in order to meet its burden of proof in license suspension cases, DOT must show, *inter alia,* that the motorist was arrested for drunken driving by a police officer who had reasonable grounds to believe that the motorist was operating, or actually controlling or operating the movement of a motor vehicle, while under the influence of alcohol or a controlled substance. *Vinansky.*

In the present case, DOT did not present the testimony of the arresting officer to prove that there were reasonable grounds to believe Gasper was operating his truck while under the influence of alcohol. Instead, DOT presented the testimony of Officer Warner who was not present at the time Gasper was initially stopped.

Despite the state of the record, the majority concludes that there was sufficient evidence for the trial court to find that there were reasonable grounds for Warner, *who was not the arresting officer,* to believe that Gasper was operating his vehicle under the influence of alcohol. The majority holds that the reasonable belief that Gasper was under the influence of alcohol was supplied by what Warner observed such as, in Warner's opinion, the unsatisfactory performance of the field sobriety tests administered by the arresting officer (Zerbe).

In support of its holding, the majority relies on this court's decisions in *Webster* and *Patterson.* However, the distinguishing factor herein is that in *Webster* and *Patterson,* it was the arresting officer who testified as to

the basis for *his* conclusion that he had reasonable grounds to believe the motorist was operating a vehicle while under the influence of alcohol. As stated, in the present case, it was not the arresting officer (Zerbe) who testified before the trial court as to his basis for the conclusion that Gasper was operating his vehicle under the influence of alcohol but an officer (Warner) who merely observed the interchange between Gasper and Zerbe.[1]

It may well be that an officer who has reasonable grounds is not the arresting officer, but it is necessary for an officer executing an arrest on anyone that he/she must be the officer who has the reasonable grounds. There must be total coherence within the mind and action of the law enforcement personnel when effecting the rights of an individual citizen or person of this Commonwealth.

It matters not whether the licensee's possession of a license is considered a privilege or a right. The burden of proof with respect to the validity of the arrest is on the Commonwealth.

What concerns this writer is the lessening of the burden of proof on the Commonwealth in the process of suspending a license regardless of it being a right or privilege. In the case *sub judice,* the Commonwealth has clearly failed to have the arresting officer, who observed firsthand by vision and hearing the condition of the licensee to effectuate his arrest, testify as to the basis for his ultimately requesting that Gasper submit to chemical testing. Hearsay is not adequate to support the validity of the arrest.

Accordingly, I believe that the testimony of the arresting officer in this case is crucial in order for DOT to sustain the first prong of its burden of proof; therefore, the trial court erred in finding that the evidence presented was sufficient to meet this burden. I would reverse the order of the trial court.

PELLEGRINI, J., joins in this dissenting opinion.

---

1. I note further that Warner came upon the scene after the initial stop; therefore, the record is devoid of any evidence of what occurred prior to the stop.