# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lori A. Cain | : | |
| | : | |
| v. | : | No. 1151 C.D. 2022 |
| | : | SUBMITTED: April 8, 2025 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MATTHEW S. WOLF, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  May 9, 2025**

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Allegheny County sustaining the statutory appeal of Licensee, Lori A. Cain, from a one-year suspension of her operating privilege imposed by the Department pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i).[1] The sole issue on appeal is whether the trial court erred in precluding the Department

---

[1] Section 1547(b)(1)(i) provides:

> If any person placed under arrest for a violation of section 3802 [driving under the influence] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person . . . for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

from attempting to meet its burden of proof via its chosen witness and in sustaining the statutory appeal without holding a full hearing. We conclude that the trial court erred in rendering its evidentiary ruling regarding hearsay and, therefore, reverse and remand this matter with directions for the trial court to hold a hearing.[2]

The pertinent background of this matter is as follows. In December 2020, the Department notified Licensee that her operating privilege would be suspended for one year as a result of her October 2020 chemical test refusal. Licensee filed a timely statutory appeal of the suspension. The trial court held two hearings, which primarily consisted of counsels' respective arguments. There were two officers present at the traffic stop. However, the first officer on the scene, no longer employed by the City of Pittsburgh, was not present at either hearing. The Department sought to prove its case with only the second officer's testimony.

At the June 2022 hearing, the Honorable Thomas P. Caulfield elicited testimony from the second officer to the effect that he was not the first officer on the scene of the crash, that he showed up several minutes later, and that the first officer no longer worked for the City. 6/09/2022 Hr'g, Notes of Testimony (N.T.) at 4-5; Reproduced Record (R.R.) at 16-17.[3] Licensee's counsel argued that the Department could not establish reasonable grounds without the first officer's testimony and that Licensee's counsel would have called the first officer as a witness. Counsel for the Department argued that the second officer could testify as to what the first officer told him because that testimony would not be offered for the truth of the matter asserted but instead, would help establish why there were reasonable grounds to

---

[2] Licensee was represented by counsel in the trial court. Following counsel's application to withdraw as counsel and this Court's order granting the application, Licensee is proceeding *pro se* before this Court.

[3] Because the Reproduced Record is not paginated as required by Pa.R.A.P. 2173, we refer to its contents by electronic PDF pagination.

believe that Licensee had operated or been in actual physical control of the vehicle while intoxicated.[4] Accordingly, the trial court continued the matter to afford the Department an opportunity to submit case law on the issue of whether the second officer could have testified as to what the first officer told him in order to satisfy the reasonable grounds criterion necessary to establish its burden of proof.

At the September 2022 hearing, the Honorable Jennifer Satler heard additional arguments from both counsel in support of their respective positions. The Department reiterated its position that it should be permitted to put on its case without the first officer's testimony. Counsel for Licensee recited a litany of reasons why the Department should be precluded from proceeding without the first officer. The proffered reasons, *inter alia*, included the ability to ask questions of the first officer pertaining to items in the affidavit that counsel for Licensee alleged showed inconsistencies about written and oral communication with the deaf Licensee at the scene through her deaf boyfriend, Licensee's alleged inability to understand the proceedings given her need for reading glasses, and whether the arresting officer was wearing a mask the whole time. 9/15/2022 Hr'g, N.T. at 2-6; R.R. at 22-25. Judge Satler sustained Licensee's appeal without permitting the Department to offer the second officer's testimony, ruling that his testimony would have constituted impermissible hearsay and that this very fact-specific case necessitated the first officer's presence in order to answer very specific questions. *Id.* at 6; R.R. at 25. The Department's appeal to this Court followed.

---

[4] "Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the [licensee] was operating the vehicle while under the influence of intoxicating liquor." *Bold v. Dep't of Transp., Bureau of Driver Licensing*, 320 A.3d 1185, 1201 (Pa. 2024) (*Bold II*) [quoting *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1207 (Pa. 1999)].

**I.**

In *Palitti v. Department of Transportation, Bureau of Driver Licensing*, 331 A.3d 96 (Pa. Cmwlth. 2024), this Court addressed a somewhat analogous situation in which the Department sought to rely on the out-of-court statements of third parties to establish the reasonable grounds criterion. In ruling in favor of the Department, we relied on many of the same cases that the Department submitted in support of its position in the instant matter. In other words, the scenario is not new and the case law is well established.

In *Palitti*, the Department sought to establish that an officer had reasonable grounds to believe that the licensee was the driver of the vehicle involved in an accident based on the statements of the passengers of that vehicle. This Court affirmed the trial court's determination that the officer's testimony was admissible as to what the passengers told him, reciting basic rules of evidence. "Under Rule 802 of the Rules of Evidence, hearsay is inadmissible evidence unless it meets an established exception." *Palitti*, 331 A.3d at 105. "Rule 801(c) of the Rules of Evidence defines hearsay as 'a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.'" *Id.* at 105-06. Stated another way, "[h]earsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted." *Id.* at 106 (citation omitted). However, when an out-of-court statement is offered for a purpose other than to prove the truth of the matter asserted, it is not hearsay. *Id.* (citation omitted). Such a purpose includes establishing a law enforcement officer's state of mind. *Id.* In accordance with those rules, the trial court in *Palitti* permitted the officer to testify as to what the passengers told him.

4

Pertinent here, it is beyond purview that out-of-court statements are admissible when used to prove an officer had reasonable grounds to believe the driver operated a vehicle. *Palitti*, 331 A.3d at 106. *See also Hartmann v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 690 C.D. 2019, filed Apr. 8, 2020), slip op. at 6 ("Where the statement is offered to show the police officer's 'reasonable belief that [the licensee] had been driving,' the statement is not hearsay and is admissible.") (alteration in original) [citing *Patterson v. Commonwealth*, 587 A.2d 897, 901 (Pa. Cmwlth. 1991)];[5] *Duffy v. Dep't of Transp., Bureau of Driver Licensing*, 694 A.2d 6, 9 (Pa. Cmwlth. 1997) (out-of-court statement admissible to show officer's mental state of mind, i.e., his reasonable belief that a licensee had been driving).

Similarly, out-of-court statements are admissible when used to prove that an officer had reasonable grounds to believe the driver operated a vehicle while driving under the influence (DUI). *Palitti*, 331 A.3d at 106-07 (where the Department offered out-of-court statement to establish the officer's reasonable belief that the licensee operated his vehicle while driving under the influence and not to prove that the licensee, in fact, operated the vehicle, the statement is admissible); *McBeth v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 558 C.D. 2018, filed Jan. 31, 2019) (reasonable grounds established where arresting officer testified as to what the first officer on the accident scene told him about the licensee's being impaired but the first officer did not testify); *Menosky v. Commonwealth*, 550 A.2d 1372, 1374 (Pa. Cmwlth. 1988) (out-of-court statement by individual who telephoned police to report an accident and opined that driver appeared to be driving

---

[5] Unreported memorandum opinions may only be cited for their persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 201 Pa. Code § 69.414(a).

under the influence was admissible as non-hearsay to establish the state of mind of the officer hearing the statement and to explain the reason for his conduct in response to hearing the statement).

Accordingly, the trial court in the present case erred in determining that the Department could not establish reasonable grounds via the testimony of the second officer as to what the first officer told him. The fact that the second officer would be testifying as to what an out-of-court person told him in order to establish his state of mind for reasonable grounds would go to the strength of the Department's case, not to the admissibility of his testimony. Consequently, the trial court should have afforded the second officer an opportunity to testify in an effort to establish reasonable grounds.[6]

## II.

Turning to counsel for Licensee's myriad issues with the absence of the first officer and the effect of that absence on his ability to establish Licensee's

---

[6] The test for reasonable grounds is not very demanding and an officer need not be correct in his belief. *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 384 (Pa. Cmwlth. 2010); *Marrone v. Dep't of Transp., Bureau of Driver Licensing*, 990 A.2d 1187, 1190 (Pa. Cmwlth. 2010). "While there is no set list of behaviors that a person must exhibit for an officer to have reasonable grounds to make an arrest, case law has provided numerous examples of what this Court has accepted as reasonable grounds in the past, e.g., staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol." *Stancavage v. Dep't of Transp., Bureau of Driver Licensing*, 986 A.2d 895, 899 (Pa. Cmwlth. 2009). However, the absence of one or more of the *Stancavage* factors does not mean that an officer lacks reasonable grounds. *Farnack v. Dep't of Transp., Bureau of Driver Licensing*, 29 A.3d 44, 48 (Pa. Cmwlth. 2011). Moreover, "there is no statutory requirement that the officer who possesses reasonable grounds be the arresting officer." *Gasper v. Dep't of Transp., Bureau of Driver Licensing*, 674 A.2d 1200, 1203 (Pa. Cmwlth. 1996) [citing *Dep't of Transp., Bureau of Driver Licensing v. Webster*, 521 A.2d 519, 521 (Pa. Cmwlth. 1987)]. In fact, the Department is not required to prove that either the arresting officer or another person directly observed a licensee operating a vehicle in order to establish reasonable grounds. *Chojnicki v. Dep't of Transp., Bureau of Driver Licensing*, 332 A.3d 883, 888 (Pa. Cmwlth. 2025) (citation omitted). Whether reasonable grounds exist is a question of law, subject to our plenary review. *Banner*, 737 A.2d at 1206.

alleged inability to comprehend what was happening due to communication issues,[7] it must be noted that the arguments and allegations of counsel for Licensee as to Licensee's deafness and alleged inability to comprehend the situation do not constitute evidence. *See*, *e.g.*, *Torres v. Commonwealth*, 228 A.3d 304, 308 (Pa. Cmwlth. 2020) (assertions and arguments by a petitioner's counsel are not evidence and are not sufficient to sustain a petitioner's burden of proof). Similarly, Licensee's assertions in her *pro se* brief to this Court pertaining to issues that she allegedly had as a deaf person struggling with the officer's efforts to communicate do not constitute evidence. *See* Black's Law Dictionary 1704 (10th ed. 2014) (defining "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition"). To reiterate, there was no hearing at which the Department was afforded an opportunity to make its case and, therefore, no opportunity for Licensee to offer a defense.

Moreover, it is up to the Department to decide how to proceed with establishing the criteria necessary to prove its case. The Department must establish that the licensee was arrested for DUI by a police officer who had reasonable grounds to believe that she was operating or was in actual physical control of the movement of a vehicle while impaired, that the licensee was asked to submit to a chemical test, that she refused to do so, and that she was warned that a refusal might result in a license suspension. *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999). Once the Department meets its burden, the burden shifts to the licensee to prove by competent evidence that her refusal was not knowing or conscious or that she was physically unable to take the test. *Kollar*

---

[7] 9/15/2022 Hr'g, N.T. at 3; R.R. at 23.

*v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010).

In the present case, the fact that counsel for Licensee had significant questions for the first officer and perceived that the second officer could not answer certain questions is irrelevant. As long as the Department establishes the elements of its case, the burden shifts to Licensee to attempt to prove why her refusal was not knowing and conscious. Whether the testimony of the first officer would enable the Department to establish a stronger case and Licensee to establish a defense are of no moment, particularly since Licensee can procure that officer's testimony herself via issuing a subpoena. Of course, she can also testify concerning her difficulties if she so chooses.

Accordingly, we reverse and remand this matter with directions for the trial court to hold a hearing at which all material witnesses can testify.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lori A. Cain                                    :
                                                :
            v.                                  : No. 1151 C.D. 2022
                                                :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
Bureau of Driver Licensing,                     :
                        Appellant               :

# **O R D E R**

AND NOW, this 9th day of May, 2025, the order of the Court of Common Pleas of Allegheny County is hereby REVERSED and the matter is REMANDED in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lori A. Cain                :
                                   :
         v.             :   No. 1151 C.D. 2022
                                   :   Submitted: April 8, 2025
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing,        :
                Appellant    :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MATTHEW S. WOLF, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

CONCURRING OPINION BY
JUDGE WOLF                               FILED:  May 9, 2025

       I concur in nearly all aspects of the well-written Majority Opinion. However, I am compelled to write separately to clarify that I believe the trial court erred in concluding that the second officer's testimony as to what the first officer told him would constitute impermissible hearsay because such testimony does not constitute hearsay at all. Unfortunately, decisions of this Court have muddied the waters on why certain out-of-court statements are admissible in cases proceeding under what is commonly referred to as the Implied Consent Law.[1] In finding certain

---

[1] Section 1547(b)(1)(i) of the Vehicle Code provides:

> (1) If any person placed under arrest for a violation of section 3802[, 75 Pa.C.S. § 3802, prohibiting driving under the influence of alcohol or a controlled substance,] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but

**(Footnote continued on next page…)**

statements admissible, this Court has often cited the officer's "state of mind" as a rationale against a hearsay objection. "State of mind," however, is a legal term of art that refers to a well-known evidentiary exception to the hearsay rule. *See* Pa. R.E. 803(3).[2] Thus, its use implies that the out-of-court statement is in fact hearsay but may nevertheless be admissible pursuant to an exception. As some of the cases cited by the Majority propound this imprecision, I write separately on the issue.

In civil license suspension cases, the Department of Transportation has the burden of proving the following elements:

> (1) the licensee was arrested for drunken driving by a police officer having reasonable grounds to believe that the licensee was driving while under the influence, (2) the licensee was requested to submit to a chemical test, (3) the

---

upon notice by the police officer, the [D]epartment shall suspend the operating privilege of the person as follows:

> (i) Except as set forth in subparagraph (ii) [relating to prior offenses], for a period of 12 months.

75 Pa.C.S. § 1547(b)(1)(i).

[2] Pennsylvania Rule of Evidence 803(3) provides:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

&ast;&ast;&ast;&ast;

(3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Pa.R.E. 803(3).

licensee refused to do so[,] and (4) the licensee was warned that refusal would result in a license suspension.

*Parrish v. Dep't of Transp., Bureau of Driver Licensing*, 318 A.3d 1025, 1029 (Pa. Cmwlth. 2024) (quoting *Giannopoulos v. Dep't of Transp., Bureau of Driver Licensing*, 82 A.3d 1092, 1094 (Pa. Cmwlth. 2013)).

As to the first element, the test for whether an arresting officer has reasonable grounds to believe a licensee operated a vehicle under the influence of alcohol depends on whether "a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded" the licensee operated the vehicle while intoxicated. *Bold v. Dep't of Transp., Bureau of Driver Licensing*, 320 A.3d 1185, 1196 (Pa. 2024) (quoting *Banner v. Dep't of Transp., Bureau of Driver Licensing*, 737 A.2d 1203, 1207 (Pa. 1999)).

In establishing reasonable grounds, an arresting officer may rely on information received from a third party. *Patterson v. Commonwealth*, 587 A.2d 897 (Pa. Cmwlth. 1991). This concept was explained in *Duffy v. Department of Transportation, Bureau of Driver Licensing*, 694 A.2d 6 (Pa. Cmwlth. 1997). In *Duffy*, a licensee challenged a common pleas court's decision to admit, over a hearsay objection, an officer's testimony about what he read in a statement of a witness taken by a different officer. In rejecting the licensee's argument on appeal, this Court explained:

> Hearsay is "an out of court [statement] offered to prove the truth of the fact asserted [in the statement]." *Commonwealth v. Coleman*, [] 326 A.2d 387, 388 ([Pa.] 1974). However, if the out-of-court statement is offered not to prove the truth of the statement made by the out-of-court declarant, but instead to prove that the statement was in fact made, the out-of-court statement is not hearsay regardless of who made it or how it was reported to the witness. McCormick on Evidence (Fourth Ed.) § 246. In

MSW-3

> this case, the out-of-court statement was introduced only to prove that the statement was, in fact, made. Ultimately, it is the mental state of Trooper Kaye's mind, i.e., his reasonable belief that Duffy had been driving, that is the issue, and the truth of that fact is the relevant inquiry. Therefore, it is admissible.

*Id.* at 9. While a true reading of *Duffy* demonstrates that this Court held the out-of-court statement was not hearsay because it was introduced only to prove that the statement was made, not for its truth, *Duffy*'s reference to the officer's "mental state of [] mind" has since yielded confusion.

Indeed, *Duffy* is all too often cited – in administrative hearings, in legal memoranda to this court, and in our very own opinions – for the proposition that hearsay evidence is admissible to show the officer's "state of mind." This justification, however, is erroneous. First, the arresting officer's "state of mind" has no relevance to the facts and circumstances as they appeared at the time. "State of mind" is inherently subjective. If "state of mind" was relevant, then this could bring into play inappropriate biases and prejudices. It is a slippery slope. Second, and as alluded to above, this Court's reference to an officer's "state of mind" when disposing of an appellate challenge to an evidentiary ruling is at best, imprecise, and at worst, a source of confusion.

As more accurately stated in *Palitti v. Department of Transportation, Bureau of Driver Licensing*, "it is not necessarily the officer's 'state of mind' that is at issue, but the facts and circumstances surrounding the relevant event as they appeared to the officer that are at issue. Therefore, the statements are admissible *because the statements are not hearsay*." 331 A.3d 96, 107 (Pa. Cmwlth. 2024) (emphasis added).

The appropriate justification for the admission of out-of-court statements like the one at issue in this case is that the evidence is not being offered

for the truth of the matter but, rather, to show the facts and circumstances as they appeared to the officer during the alleged DUI event. We evaluate those facts and circumstances objectively by asking what a hypothetical reasonable officer could conclude.[3] *Bold*, 320 A.3d at 1196. We do not subjectively ask about what was actually in the officer's head, so it is not an issue under Pa. R.E. 803(3). Instead, the out-of-court statement simply falls outside the definition of hearsay. Shorthanding this as "state of mind" is a disservice to the structure of the Rules of Evidence. It is my sincere wish that moving forward in civil license suspension cases, the courts of this Commonwealth and members of the bar no longer reference the officer's state of mind as a justification for the admission of these types of out-of-court statements in the face of a hearsay objection.

_____

MATTHEW S. WOLF, Judge

---

[3] For the distinction between objective tests (focused on reasonableness under the circumstances) and subjective tests (focused on state of mind), *see, e.g., Commonwealth v. Knox*, 190 A.3d 1146, 1155 (Pa. 2018), and *In re $300,000 in U.S. Currency*, 309 A.3d 1117, 1132 (Pa. Cmwlth. 2024) (*en banc*).