645 A.2d 378

Michael McCULLOUGH,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted March 11, 1994.

Decided June 24, 1994.

372

William A. Kuhar, Jr., Asst. Counsel Appellate Section, and Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellant.

Norma Chase, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals the decision of the Court of Common Pleas of Allegheny County

sustaining the appeal of Michael McCullough (Licensee) from a one-year suspension of his driving privileges for refusing to submit to chemical testing.

Officer Mark DelFrate testified that on August 14, 1992 he was dispatched to the scene of an accident. Upon arriving at the scene, Officer DelFrate observed a motor vehicle lodged against a high curb. The motor was off and no one was in the driver's seat. Licensee was standing near the car. Another individual, Richard Evans, appeared at the scene while Officer DelFrate was there and left. Officer DelFrate noticed that Licensee's eyes were glassy and his speech was mumbled and slurred. He administered field sobriety tests and noticed that Licensee had poor balance. Officer DelFrate arrested Licensee for violating Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 (driving under the influence of alcohol).

At the police station, Officer James Anzelone read Licensee the implied consent warnings pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. Officer Anzelone demonstrated how the breathalyzer machine worked and coached Licensee on how to complete the test. Licensee attempted to blow into the breathalyzer machine but did not provide sufficient breath for a breath sample. Because the test was not completed, Officer Anzelone recorded a refusal.

Based on the refusal, DOT notified Licensee that his operating privileges were suspended for one year pursuant to Section 1547 of the Vehicle Code. Licensee filed a statutory appeal. Before the trial court, DOT presented the testimony of Officers DelFrate and Anzelone and Licensee testified on his own behalf.

■ Officer DelFrate at this hearing testified that one Ron Dokes reported to him Licensee had been driving the vehicle.[1]

1. Although Licensee objected to this testimony as hearsay, the trial court properly allowed it to be admitted. The statement is admissible for purposes of proving the state of mind of the officer hearing the statement or explaining the reason for the conduct of the officer in response to hearing this statement, i.e., to explain why the officer arrested Licensee. *Menosky v. Commonwealth of Pennsylvania,* 121

He gave no details of where he met Dokes, what Dokes specifically observed or how Dokes happened to give him this information. Officer DelFrate admitted he had not seen Licensee drive the vehicle nor had Licensee admitted to driving the vehicle. Officer DelFrate also testified that although Richard Evans was at the scene, Evans did not state that he had been driving the vehicle or that Licensee had or had not been driving.

Officer Anzelone testified that although Licensee had attempted to breathe into the breathalyzer machine, he did not provide sufficient breath for a breath sample. He also testified that Licensee did not breathe in the proper manner and, at one point, he believed Licensee was holding his breath.

Licensee testified that his friend Evans was driving the vehicle at the time of the accident. He stated that they had been in a bar together and that Evans had said that he was able to drive so he gave him the keys and Evans was driving towards his house when the accident occurred. Licensee testified that Evans left the scene after the accident, saying he was going to get help and then returned later and left again after retrieving his dentures. Licensee also testified that he had attempted to provide a breath sample and that he did the best he could to breathe into the breathalyzer machine.

Based on the testimony, the trial court sustained Licensee's appeal.

Because of its importance, we quote the opinion of the Honorable Robert A. Doyle in its entirety.

The defendant appeals to this court from a one-year suspension of his vehicle operating privileges imposed by the Commonwealth's Department of Transportation as the result of a refusal to submit to chemical testing. For the reasons discussed herein, we sustain the appeal.

The record reveals that Officer DelFrate of the Pittsburgh Police Department was called to the scene of an

Pa.Commonwealth Ct. 464, 550 A.2d 1372 (1988), citing L. Packel and A. Poulin, *Pennsylvania Evidence* § 801.2 (1987).

accident where he discovered the defendant. The defendant spoke with a slur and his eyes were glassy (H.T. 4). The vehicle was found with its ignition off (H.T. 9).

It is apparent, however, that Officer DelFrate did not observe the defendant in the vehicle at any time. His conclusion that the defendant was driving the vehicle involved in the accident is based solely on the account of the witness who is not present at the instant hearing (H.T. 4, 7).

The burden of proof which demonstrates reasonable grounds upon which to base the initial arrest falls upon the Commonwealth. We believe the Commonwealth has not met this burden.

*We submit that the arresting officer may testify to anything that would establish his basis for concluding that reasonable grounds existed upon which to arrest the defendant. But we do not believe that reasonable grounds existed.*

We posit this on two facts. First, Officer DelFrate did not observe the defendant operating the vehicle. While this in and of itself is not fatal to the Commonwealth's case, a factual conclusion arrived at by way of this scenario must be accompanied by clear and convincing supportive evidence.

However, the witness who purports to have observed the defendant prior to the arrival of the arresting officer, is not presented for examination.

*This Court would commit a grave breach of justice were we to accept the officer's testimony absent the corroborating witness.*

Therefore, we need not reach the merits of the chemical testing and sustain the appeal.

*Commonwealth of Pennsylvania v. McCullough,* (No. SA 4210 of 1992, filed September 16, 1993) (emphasis added).

█ In this appeal, DOT raises the following question. "Whether the department must present the testimony of any third party who provided the officer with information in order to meet its burden of establishing that a police officer had the reasonable grounds required by 75 Pa.C.S. § 1547(a) to be

able to request that motorist to submit to a chemical test?" We agree with DOT that there is no requirement that it *must* produce the third party. *Patterson v. Commonwealth,* 138 Pa.Commonwealth Ct. 292, 587 A.2d 897 (1991).

■ However, DOT concludes that once we have decided that question in its favor we must reverse and reinstate the suspension. With this conclusion, we disagree.

The trial judge in these license suspension cases does not sit as an automaton required to accept as credible everything to which an arresting officer testifies on the stand. He is the fact-finder and is free to accept or reject any testimony in whole or in part, subject only to review by this Court for an abuse of discretion. In this case, it is clear from the opinion of the court that the trial judge did not "accept the officer's testimony." Although DOT provided a prima facie case, the court did not require DOT to produce the third party witness; it merely held that as a fact-finder it did not accept the officer's testimony. In sum, we hold that although DOT is not required to produce a third party witness, not doing so may increase the risk of a finding by the fact-finder that the officer's testimony will not be accepted and, consequently, a finding that DOT will not prevail.

It is true that the trial judge used the phrase "the Commonwealth has not met this burden [of proof]." That phrase does in some instances mean that a party has failed in its burden of production—i.e., to produce a prima facie case. However, it is axiomatic that if the evidence presented to prove a prima facie case is not accepted or believed by the fact-finder, whether jury or judge, a party does not succeed and, therefore, broadly speaking, has not met its "burden of proof." Technically, however, it may be more accurately stated that a party has failed because it did not meet its burden of persuasion or because the fact-finder decided the question of credibility based on the weight of the evidence. In *Haygood v. Civil Service Commission,* 133 Pa.Commonwealth Ct. 517, 520, 576 A.2d 1184, 1185–1186 (1990), *appeal dismissed as improvi-*

*dently granted,* 529 Pa. 447, 605 A.2d 306 (1992), this Court said:

When a party is assigned the burden of proof, it must produce sufficient evidence to make a prima facie claim for the relief sought or lose summarily. See *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985). Where the burdened party has presented evidence such that it does not lose summarily, the burden of proof is no longer relevant and the fact finder must decide which party prevails based on the weight of the evidence. See *Morrissey v. Department of Highways,* 424 Pa. 87, 225 A.2d 895 (1967).

In this case, it is clear that the trial court did not believe the officer's testimony as a matter of fact, not as a matter of law, for he said he did not "accept the officer's testimony."

DOT, in its argument for a reversal, cites *Patterson.* There, a woman called the police saying a man had followed her at a slow speed in his vehicle and then exited the car and followed her on foot. The officer found the vehicle where the woman indicated it had been left, and Patterson came out of some weeds nearby. The woman identified him as the man who had followed her. Because Patterson had a strong odor of alcohol, the officer arrested him for driving under the influence. We held that, although Patterson was not arrested near the vehicle and did not admit to operating it, a reasonable person in the position of the arresting officer could have concluded the motorist had been driving the vehicle based on the identification by the woman and the circumstances surrounding the arrest. *Id.* 138 Pa.Commonwealth Ct. at 298, 587 A.2d at 900. We additionally stated that the woman was not required to testify at the license suspension hearing in order to establish that the officer had reasonable grounds to believe Patterson had been driving. *Id.* at 299, 587 A.2d at 901.

However, that case is clearly distinguishable from the one at bar because there the trial judge accepted the officer's testi-

mony that he had been told by a third party that Patterson was the driver.

DOT asks this Court to reverse and reinstate the Licensee's suspension. Such a determination would be a serious interference with the function of the trial judge as fact-finder, given our limited scope of review. Any such decision would be tantamount to a holding that, once an officer testifies that a third party told him that a certain person was the driver, the trial judge must as a matter of law accept that testimony because DOT has met its burden of proof and must prevail on the issue of reasonable grounds to require the motorist to submit to chemical testing. We reject this contention.[2]

## ORDER

AND NOW, this 24th day of June, 1994, the order of the Court of Common Pleas of Allegheny County, No. SA 4210 of 1992, dated May 12, 1993, is hereby affirmed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. By finding that the trial court found in favor of the Licensee because the police officer's testimony was not credible, the majority mischaracterizes the trial court's opinion.

On August 14, 1992, Officer Mark DelFrate of the City of Pittsburgh Police Department was dispatched to the scene of an accident. Upon arriving at the scene, Officer DelFrate observed a motor vehicle lodged against a high curb with its motor off and no one in the driver's seat. Officer DelFrate testified that Ron Dokes, a bystander, reported to him that Michael McCullough (Licensee) was the person driving the car when the accident took place. Noticing that Licensee was glassy eyed and his speech mumbled and slurred, Officer DelFrate administered a field sobriety test to Licensee that he performed unsatisfactorily. Officer DelFrate arrested Licen-

---

2. In view of our disposition, we need not address DOT's remaining argument that Licensee did not have a valid defense to his failure to provide two sufficient breath samples as required by the Vehicle Code.

see for driving under the influence and was requested to take a breathalyzer. After Licensee unsuccessfully attempted to take the test, another police officer who was administering the test recorded a refusal. Based on the report of the refusal, PennDot notified Licensee that his license was suspended for one year as required by Section 1547 of the Vehicle Code. Licensee appealed his suspension to the trial court.

Besides the good faith issue in attempting to complete the test, the issue before the trial court was whether Officer DelFrate had probable cause to arrest Licensee. The trial court dismissed the appeal finding that the testimony did not establish that Officer DelFrate had probable cause. My disagreement with the majority is on what basis the trial court found no probable cause.

The majority finds that the trial court did not find probable cause because it did not find Officer DelFrate's testimony credible. I believe, as apparently do the parties, that the trial court found that Officer DelFrate's testimony that he was informed that Licensee was driving the car was insufficient to establish probable cause to arrest Licensee and make him submit to a breathalyzer.

In its opinion, the trial court explained the reason why it was sustaining Licensee's appeal as follows:

It is apparent, however, that Officer DelFrate did not observe the defendant in the vehicle at any time. His conclusion that the defendant was driving the vehicle involved in the accident is based solely on the account of the witness who is not present at the instant hearing. (H.T. 4, 7).

The burden of proof which demonstrates reasonable grounds upon which to base the initial arrest falls upon the Commonwealth. We believe the Commonwealth has not met this burden.

We submit that the arresting officer may testify to anything that would establish his basis for concluding that reasonable grounds existed upon which to arrest the defendant. But we do not believe that reasonable grounds existed.

We position this on two facts. First, Officer DelFrate did not observe the defendant operating the vehicle. While this in and of itself is not fatal to the Commonwealth's case, a factual conclusion arrived at by way of this scenario must be accompanied by clear and convincing supportive evidence. However, the witness who purports to have observed the defendant prior to the arrival of the arresting officer is not presented for examination.

This Court would commit a grave breach of justice were we to accept the officer's testimony absent the corroborating witness.

Therefore, we need not reach the merits of the chemical testing and sustain the appeal.

*Commonwealth of Pennsylvania v. McCullough* (No. S.A. 4210 of 1992, filed September 16, 1993).

Despite the trial court never stating that it found the police officer not to be credible and the whole focus of the opinion is on corroboration, the majority finds that the trial court sustained the appeal because it found the police officer not to be credible. I suggest that such a characterization is against the opinion's plain language and the basis upon which the trial court decided the issue was the police officer's testimony alone, that he received information that Licensee was driving the car involved in the accident, required corroboration to support a finding of probable cause.

Because it is clear that the issue before the trial court was whether a police officer's testimony that he was given information from third parties needs corroborating testimony which the majority agrees is not required, I would reverse the trial court.[1]

---

1. Because of the trial court's decision concerning reasonable grounds for the arrest, it did not make findings on the remaining issue of refusal. PennDOT contends that Licensee's alternative defense before the trial court was that he made a good faith effort to perform the breath test, and that a good faith effort, as a matter of law, is irrelevant to nullify a refusal by failure to supply sufficient breath for a sample, citing *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991), *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 541 (1991). Licensee admits

that if *Kilrain* is followed, a remand for additional factual findings is unnecessary.

In *Kilrain*, this court held that a failure to complete a breathalyzer test is, *per se*, a refusal, and a "finding that a licensee made a good faith attempt to complete the breathalyzer test is irrelevant to the question of whether the licensee refused the test." *Id.* at 489–90, 593 A.2d at 935. Since *Kilrain*, we have confirmed the holding that a good faith attempt is irrelevant. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Beatty,* 143 Pa.Commonwealth Ct. 272, 598 A.2d 1069 (1991); *Department of Transportation, Bureau of Driver Licensing v. Cavey,* 145 Pa.Commonwealth Ct. 154, 602 A.2d 494 (1992). In this case, Licensee admittedly did not provide a sufficient breath sample and that is, *per se*, a refusal. His defense that he made a good faith attempt has repeatedly been held to be irrelevant to a refusal, therefore, as a matter of law, he refused to submit to chemical testing.