Michael J. DUFFY, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1996.

Decided May 8, 1997.

C.J. Mustacchio, Scranton, for appellant.

Barbara A. Darkes, Assistant Counsel, and Timothy P. Wile, Assistant Counsel In–Charge, Harrisburg, for appellee.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Michael J. Duffy (Duffy) appeals an order of the Court of Common Pleas of Lackawanna County (Common Pleas) denying Duffy's statutory appeal from a one-year suspension of his operating privileges imposed by the Department of Transportation (DOT) pursuant to what is known as the Implied Consent Law.[1]

On December 10, 1994, Trooper Kaye, of the Pennsylvania State Police, was called to the scene of a motor vehicle accident. When Trooper Kaye reached the scene of the accident, all the parties to the accident had already been transported to the hospital. Trooper Kaye conducted an investigation and, as part of his investigation, interviewed Ted Vanbusker, a witness at the scene of the accident.

Vanbusker told Trooper Kaye that he went to the assistance of the people involved in the accident and "he identified the operator of the light brown pick-up truck as a white male approximately 40 years old with a moustache." (Notes of Testimony (N.T.) at 5; (Reproduced Record (R.R.) at 51(a)). Patrolman Hickey of the Scranton Police Department gave Trooper Kaye a written statement that he took from another witness, Tim Langan. Langan's statement indicated that the driver of the pick-up truck wore a "jean type jacket on a red sweat hood." (N.T. at 7; R.R. at 53(a)).

After completing his investigation at the scene, Trooper Kaye went to the hospital to interview the parties to the accident. The first person Trooper Kaye interviewed was Duffy who was dressed in a red hooded sweatshirt and a jean jacket. Duffy had a moustache and when the Trooper asked Duffy how old he was, Duffy said he was forty. Trooper Kaye noticed that Duffy's eyes were bloodshot and glassy, his speech was slurred, and he was swaying. Moreover, Duffy had a heavy odor of alcohol on his breath.

Trooper Kaye then asked Duffy if Duffy had been driving one of the vehicles involved in the accident. Duffy replied that he had not been driving. Duffy told Trooper Kaye that an unknown third party had been driving the vehicle, and that he did not know anything about the unknown third party driver. Trooper Kaye then informed Duffy that he had reason to believe that Duffy was the operator of the vehicle and placed Duffy under arrest for driving under the influence of alcohol. He read Duffy the implied consent warnings and asked him to submit to a chemical test of his blood alcohol. Duffy refused. DOT then suspended Duffy's operating privileges and Duffy appealed to Common Pleas.

At Duffy's hearing in Common Pleas, Duffy's counsel made a hearsay objection to Trooper Kaye's testimony concerning what witnesses at the scene had told him about the description of the driver. That objection was sustained and, as a result, Common Pleas upheld Duffy's appeal on the basis that DOT had failed to prove that Trooper Kaye had a reasonable basis for believing that Duffy was driving under the influence of alcohol. DOT appealed to this Court which vacated the order of the Common Pleas Court and remanded for the purpose of allowing Trooper Kaye to testify regarding information he received from others in order to establish he had a reasonable basis for his belief that Duffy was the driver of one of the vehicles. *Department of Transportation, Bureau of Driver Licensing v. Duffy*, 673 A.2d 445 (Pa. Cmwlth.1996).

On remand, Trooper Kaye testified regarding what he had been told by Vanbusker and what he read in the statement of the witness taken by Patrolman Hickey. After hearing this testimony, Common Pleas concluded that Trooper Kaye had a reasonable basis for suspecting that Duffy was driving one of the vehicles involved in the accident and denied Duffy's appeal. This appeal followed.

■ To sustain Duffy's suspension, DOT has the burden to prove four elements: (1) the licensee was arrested for driving under the influence by a police officer who had reasonable grounds to believe that the licensee was in operation or in actual physical control of the movement of a motor vehicle while under the influence of alcohol or a controlled substance; (2) the licensee was

---

1. Section 1547(b)(1) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1).

requested to submit to a chemical test; (3) the licensee refused to do so; and (4) the licensee was specifically warned that a refusal to submit to the chemical test would result in the suspension of his operating privilege. *Department of Transportation, Bureau of Driver Licensing v. Scott,* 546 Pa. 241, 684 A.2d 539 (1996); *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994); *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

Duffy concedes that DOT met its burden of proof with regard to the last three elements above. However, Duffy argues that admission of the witness statements proffered by DOT to meet its burden of proving the first element, *i.e.,* the police officer's reasonable belief, was error. Second, Duffy argues that Common Pleas erred by allowing Trooper Kaye to testify regarding his identification of Duffy at the hospital.

### APPELLANT'S HEARSAY ARGUMENT

 Duffy argues that Common Pleas erred by admitting Langan's statements to Patrolman Hickey through Trooper Kaye's testimony. Quite correctly, however, Duffy admits that out-of-court statements are admissible for the purpose of establishing that a police officer had reasonable grounds to believe that a licensee was driving while intoxicated.[2] Nevertheless, Duffy argues that Common Pleas erred in this case because the out-of-court statements admitted were not given *directly* to the investigating officer but were given to another officer who delivered the statements to the investigating officer.

 Hearsay is "an out of court [statement] offered to prove the truth of the fact asserted [in the statement]." *Commonwealth v. Coleman,* 458 Pa. 112, 115 326 A.2d 387, 388 (1974). However, if the out-of-court statement is offered *not* to prove the truth of the statement made by the out-of-court declarant, but instead to prove that the statement was in fact made, the out-of-court statement is not hearsay regardless of who made

it or how it was reported to the witness. McCormick on Evidence (Fourth Ed.) § 246. In this case, the out-of-court statement was introduced only to prove that the statement was, in fact, made. Ultimately, it is the mental state of Trooper Kaye's mind, *i.e.,* his reasonable belief that Duffy had been driving, that is the issue, and the truth of *that* fact is the relevant inquiry. Therefore, it is admissible.

To support his challenge to Trooper Kaye's testimony regarding Langan's statements given to Patrolman Hickey, Duffy relies on *McCullough v. Department of Transportation, Bureau of Driver Licensing,* 165 Pa. Cmwlth. 371, 645 A.2d 378 (1994). In that case, a police officer responded to the scene of an accident where he observed an automobile lodged against a high curb. The motor was off and no one was in the driver's seat. McCullough was standing near the car. The officer noticed that McCullough had glassy eyes and slurred speech. The officer administered field sobriety tests which McCullough failed. The officer then arrested him for driving under the influence of alcohol.

At the statutory appeal hearing, the officer testified that a witness, not present in the court room, had told the officer that the defendant was the driver of the car. However, Common Pleas found this uncorroborated testimony to be unconvincing and therefore the Court upheld the defendant's appeal. DOT then appealed to this Court raising the question:

> Whether the Department must present the testimony of any third party who provided the officer with information in order to meet its burden of establishing that a police officer had the reasonable grounds required by 75 Pa.C.S. § 1547(a) to be able to request that motorist to submit to a chemical test.

*McCullough,* 645 A.2d at 380. With this question before us we held:

> We agree with DOT that there is no requirement that it *must* produce the third party. *Patterson v. Commonwealth,* 138

---

2. *See McCullough v. Department of Transportation, Bureau of Driver Licensing,* 165 Pa.Cmwlth. 371, 645 A.2d 378 (1994); *Patterson v. Commonwealth,* 138 Pa.Cmwlth. 292, 587 A.2d 897 (1991); and *Menosky v. Commonwealth,* 121 Pa. Cmwlth. 464, 550 A.2d 1372 (1988).

Pa.Commonwealth Ct. 292, 587 A.2d 897 (1991).

However, DOT concludes that once we have decided that question in its favor we must reverse and reinstate the suspension. With this conclusion, we disagree.

The trial judge in these license suspension cases does not sit as an automaton required to accept as credible everything to which an arresting officer testifies on the stand. He is the fact-finder and is free to accept or reject any testimony in whole or in part, subject only to review by this Court for an abuse of discretion. In this case, it is clear from the opinion of the court that the trial judge did not 'accept the officer's testimony.' Although DOT provided a prima facie case, the court did not require DOT to produce the third party witness; it merely held that as a fact-finder it did not accept the officer's testimony. In sum, we hold that although DOT is not required to produce a third party witness, not doing so may increase the risk of a finding by the factfinder that the officer's testimony will not be accepted and, consequently, a finding that DOT will not prevail.

*McCullough,* 645 A.2d at 380, 381 (footnote omitted).

*McCullough,* therefore, stands for the proposition that the trial judge, as fact-finder, has broad discretion to make credibility determinations. It does not stand for the proposition that corroborating testimony is required to support an officer's testimony regarding third party statements. Accordingly, we find that the admission of Trooper Kaye's testimony was not error.

■ Duffy's next assignment of error is that Common Pleas allowed Trooper Kaye to testify to matters beyond the scope of this Court's remand order. Because we find no merit in this argument, it likewise must fail.

The opinion provided the following guidance to Common Pleas:

**3.** The order in question provided:
NOW, March 28, 1996, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby vacated

Therefore, the order of the trial court is vacated. This case is remanded to allow Trooper Kaye to testify regarding statements made by accident scene witnesses *for the purpose of establishing whether Trooper Kaye had reasonable grounds to believe that Duffy was driving while under the influence of alcohol.* Jurisdiction relinquished. (Emphasis added.)

*Department of Transportation, Bureau of Driver Licensing v. Duffy,* (No. 1181 C.D. 1995, filed March 28, 1996, slip op. at 6), 673 A.2d 445 (table). From the order [3] and the accompanying text of the opinion, it is clear that the purpose of the remand was to allow DOT to establish that Trooper Kaye had reasonable grounds to believe Duffy was driving one of the vehicles involved in the accident. Trooper Kaye simply testified to his own observations of Duffy, the clothes he was wearing and his description and this was within the purview of the remand order. Our order simply cannot be read so narrowly as to exclude Trooper Kaye's testimony regarding his identification of Duffy at the Hospital.

■ Because Trooper Kaye's testimony concerning his identification of Duffy at the hospital was erroneously excluded at the first trial, and because such testimony is a logical corollary to his testimony concerning what the eyewitnesses told him about the identity of the driver, Trooper Kaye's testimony was properly admitted in the second trial. Moreover, our review of the record indicates that Duffy failed to object to the introduction of this testimony:

Q: What did you [Trooper Kaye] do when you got to the [hospital]?

A: [I] walked into the emergency room and I asked if the accident victim from Sanderson Avenue [was here] and they said there is one here, right here, there's one in the back and there's one on the fifth floor because there were three people involved.

Q: So what—who did you interview or where did you go first?

and this case is remanded to the trial court for proceedings consistent with this opinion. Jurisdiction relinquished.

A: Well, I went to the closest one first. I walked into the room and it was Mr. Duffy, and at that time he told me he was 40 years old when I was speaking with him when I asked for the date of birth, preliminary information, he was a white male with a mustache wearing a jean jacket and a red sweat hood on.

(N.T. at 8; R.R. at 54(a)). There is no evidence of a timely and specific objection to Trooper Kaye's description of Duffy. As our Supreme Court stated in *Kuchinic v. McCrory,* 422 Pa. 620, 222 A.2d 897 (1966):

The effective administration of justice ordinarily requires that a litigant who fails to raise at trial an available objection waives it on appeal.

*Id.* at 626, 222 A.2d at 901. Therefore, Duffy waived his objection regarding the scope of the remand order and may not, for the first time on appeal, allege that the trial judge erred in allowing Trooper Kaye's testimony.

Finding no merit in Appellant's arguments, we affirm the order of Common Pleas.

### ORDER

AND NOW, May 8, 1997, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.